UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHUKWUMA E. AZUBUKO )<br>  )<br>  Plaintiff )<br>  )<br>  )<br>v. )<br>  )<br>JUDGE JOEL A. PISANO, )<br>  )<br>  Defendant ) | Civil No. 06-184-PH |

### *RECOMMENDED DECISION OF DENIAL OF <u>IN FORMA PAUPERIS</u> AND SUMMARY DISMISSAL OF COMPLAINT*

Chukwuma Azubuko has filed a civil action naming Judge Joel Pisano as his sole defendant. He has filed a motion to proceed <u>in forma pauperis</u> which I recommend the court deny. I also recommend that the court summarily dismiss this complaint.

Azubuko's complaint against District Court Judge Pisano, of the District of New Jersey, commences with the sentence: "Consciously, the subject matter was straight from the shoulders or extraordinarily justifiable vis-à-vis the brilliant law of the United States," and closes with the observation: "Unexaggeratedly, proactive measures should dwarf reactionary ones, because it never epitomized modicum of intelligence, in any shape or form. Indeed, 'When the nose is in trouble, the eye is in trouble too.'" The text that comes between this beginning and that end is in a similar vein. To this complaint Azubuko attaches a copy of a "Bar Order" issued by District Court Judge Pisano in an action filed by Azubuko against Judge Rya W. Zobel, Magistrate Judge Docia L. Dalby, The Boston's Public Schools, Magistrate Judge Leo T. Sorokin, and the Chief-in-Staff-

United States Marshals.  The protested order, in short, bars and enjoins Azubuko's filing of any document or pleading of any kind with the court as a pro se plaintiff unless Azubuko first seeks leave of the court and a judge of the court grants this leave.[1]

After reviewing the seven counts set forth in his complaint against Judge Pisano, I recommend that this complaint should be dismissed as frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 31, 2006.

---

[1] A cursory search on the U.S. Party/Case Index turns up 140 federal, primarily civil, cases to which "Chukwuma Azubuko" was/is a party.

[2] Because this is a recommended decision Azubuko has an opportunity to respond to this sua sponte disposition before it becomes final.  See Griffiths v. Amtrak, No. 03-1591, 2004 WL 1754043, *1 (1st Cir. Aug. 6, 2004) (not selected for publication)

2